```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION


SEAN MOORE,                      §
                                 §
            Plaintiff,           §
                                 §
v.                               §   CIVIL ACTION NO. H-05-4054
                                 §
HARNEY HARDWARE, INC.,           §
                                 §
            Defendant.           §
```

MEMORANDUM AND ORDER

Pending is Defendant Harney Hardware, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, Motion for Transfer of Venue (Document No. 6). After having carefully considered the motion, response, and applicable law, the Court concludes that the motion should be denied.

I. Background

This is an action for patent infringement. Plaintiff Sean Moore ("Moore") is the owner of U.S. Patent No. 6,216,287 (the "'287 patent") issued on April 17, 2001 and entitled "Shower Curtain Rod," and U.S. Patent No. 397,928 (the "'928 patent") issued on September 8, 1998 and entitled "Curved Shower Rod." See Document No. 1 ¶¶ 6-7; exs. A-C. Moore contends that Defendant Harney Hardware, Inc. ("Harney"), a Florida corporation engaged in the business of distributing hardware and building supplies including shower curtain rods, has infringed the '287 and '928

patents by selling five products embodying the patented inventions. Id. ¶¶ 8-9.

Harney moves to dismiss this case for lack of personal jurisdiction, arguing that: (1) the Complaint's jurisdictional allegations are insufficient to establish that Harney is subject to personal jurisdiction in Texas, and (2) Harney does not have sufficient minimum contacts with Texas to warrant the exercise of personal jurisdiction.  Alternatively, Harney argues that venue is proper in the Middle District of Florida and moves to transfer the case there.

## II.  Standard of Review

Federal Circuit law governs personal jurisdiction determinations in patent cases.  Beverly Hills Fan Co. v. Royal Sovereign Corp., 21 F.3d 1558, 1564-65 (Fed. Cir. 1994). Determining whether personal jurisdiction over a nonresident defendant is proper entails two inquiries: whether a forum state's long-arm statute permits service of process, and whether the assertion of jurisdiction would be inconsistent with due process. Electronics For Imaging, Inc. v. Coyle, 340 F.3d 1344, 1349 (Fed. Cir. 2003).  Because the Texas long-arm statute has been interpreted to extend as far as due process permits, see Electrosource, Inc. v. Horizon Battery Techs., Ltd., 176 F.3d 867, 871 (5th Cir. 1999), the sole inquiry is whether the exercise of

personal jurisdiction over a nonresident defendant comports with federal constitutional due process requirements, *see* Electronics For Imaging, 340 F.3d at 1349-50; Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc., 148 F.3d 1355, 1358 (Fed. Cir. 1998).

Due process requirements for exercising personal jurisdiction over a nonresident have been defined by the United States Supreme Court in a familiar body of case law.  The due process inquiry focuses upon whether the nonresident defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  Int'l Shoe Co. v. Washington, 66 S. Ct. 154, 158 (1945); *see also* Electronics For Imaging, 340 F.3d at 1350, Beverly Hills, 21 F.3d at 1565, 1568.  "The 'minimum contacts' test examines the number and nature of a defendant's contacts with the forum."  Red Wing, 148 F.3d at 1359.  "In general, there must be 'some act' by which defendants 'purposefully avail[]' themselves of the 'privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."  Electronics For Imaging, 340 F.3d at 1350 (quoting Burger King Corp v. Rudzewicz, 105 S. Ct. 2174, 2183 (1985)).  "The contacts made by defendants must therefore by their actions create a 'substantial connection' to the forum state--where defendants have deliberately 'engaged in significant activities within a State' or have 'created continuing obligations between [themselves] and the residents of

the forum--and 'proximately result from the actions by the defendant[s] themselves," such that it is 'presumptively not unreasonable to require [defendants] to submit to the burdens of litigation in that forum as well.'"  Id.

When an evidentiary hearing on the question of personal jurisdiction is not conducted, the plaintiff bears the burden of presenting a prima facie case of personal jurisdiction.  *See* Electronics For Imaging, 340 F.3d at 1349.  Uncontroverted allegations in the plaintiff's complaint must be taken as true, and factual conflicts must be construed in the plaintiff's favor.  Id.; *see also* Akro Corp. v. Luker, 45 F.3d 1541, 1543 (Fed. Cir. 1995).  Even if the plaintiff meets its burden of showing that the defendant has the requisite minimum contacts with the forum, the defendant may nevertheless demonstrate the presence of other considerations that render the exercise of jurisdiction unreasonable.  Electronics For Imaging, 340 F.3d at 1350; Inamed Corp. v. Kuzmak, 249 F.3d 1356, 1360 (Fed. Cir. 2002).

### III.  Discussion

A.  Personal Jurisdiction

Harney argues that it does not have minimum contacts with the State of Texas sufficient to create either general or specific jurisdiction.  Harney's CEO, Preston S. Copenhaver, III ("Copenhaver"), avers that Harney is a Florida corporation with its

4

sole office in Hillsborough County, Florida; that Harney has no operations or employees in Texas; that Harney's inventory and product sales records reveal that "Harney has not sold any goods in Texas that infringe on the [relevant] patents"; and that although Harney operates a website "to allow people to view over the internet some of the products Harney offers for sale," the website "does not allow the general public to place orders for goods." Document No. 6 ex. A.  Thus, Harney argues, it lacks minimum contacts with Texas, such that this Court cannot exercise personal jurisdiction over it.

Moore concedes that Harvey may not have the continuous and systematic contacts necessary to establish general jurisdiction over it in Texas but argues that Harvey's conduct subjects it to specific jurisdiction in Texas. *See* Document No. 10 at 4.  The Federal Circuit has adopted a three-part test to determine whether specific jurisdiction over a non-resident defendant comports with due process: (1) whether the defendant purposefully directed its activities at residents of the forum state; (2) whether the claim arises out of or relates to those activities; and (3) whether the assertion of personal jurisdiction is reasonable and fair. <u>Electronics For Imaging</u>, 340 F.3d at 1350.  In general, when the cause of action at issue arises out of or relates to the defendants contacts with the forum, the court may properly assert specific jurisdiction, even if those contacts are isolated and sporadic.

Red Wing, 148 F.3d at 1359 (internal quotations and citations omitted). Even a single act can support specific jurisdiction, so long as it creates a substantial connection with the forum. Id.

According to Moore, Harney purposefully accepted from and shipped to Pearlite Project Coordinator, a company located in Harris County, Texas, an order for one of Harney's allegedly infringing shower curtains. *See* Document No. 11 ex. 1 (Harney packing list), ex. 2 (FedEx shipment tracking sticker); *see also* Document No. 1 ¶ 9 (listing Harney's allegedly infringing products). Moore argues that Harney mailed the "infringing product to Texas in hope of receiving a substantially larger order of the infringing product in violation of Moore's rights." Document No. 11 at 7. In addition, Moore contends that Harney solicits business from Texas residents by advertising and marketing its products on a national website, which contains a catalog request form where persons interested in Harney's products can electronically submit their contact information to Harney and permits users to "shop online." *See* Document No. 11 ex. 4; Document No. 1 exs. D-F, H-I.[1]  Thus, Moore argues, Harney

---

[1] Harney argues that its website is not the sort of "active" website that would support the exercise of personal jurisdiction in Texas. *See*, *e.g.*, Mink v. AAAA Dev. LLC, 190 F.3d 333, 336 (5th Cir. 1999) (applying a three-part sliding scale for evaluating personal jurisdiction based on internet websites: "At one end of the spectrum are situations where a defendant clearly does business over the internet . . . . In this situation, personal jurisdiction is proper. At the other end of the spectrum, there are situations where a defendant merely establishes a passive website that does

intentionally markets and sells its allegedly infringing products in Texas, and it has therefore purposely availed itself of the privilege of conducting business in Texas.[2]

Based on the evidence submitted by Moore indicating that Harney shipped an allegedly infringing product to a Texas customer--evidence that Harney does not controvert--the Court finds that Moore has, at this stage, satisfied his burden of establishing a prima facie case of specific jurisdiction. *See*, *e.g.*, Intel Corp. v. Broadcom Corp., 167 F. Supp. 2d 692, 705 (D. Del. 2001) ("Because Broadcam has directly sold allegedly infringing products

---

nothing more than advertise on the Internet. With passive websites, personal jurisdiction is not appropriate. In the middle of the spectrum, there are situations where a defendant has a website that allows a user to exchange information with a host computer. In this middle ground, the exercise of jurisdiction is determined by the level of interactivity and the commercial nature of the exchange of information that occurs on the Website.") (internal quotation marks and citations omitted). Because Moore alleges not only that Harney operates a website but also that Moore made a direct sale of an allegedly infringing product in Texas, and because this sale is a sufficient minimum contact, the Court need not consider whether Harney's website could serve as the basis for exercising personal jurisdiction.

[2] Moore also contends that specific jurisdiction is proper in this case under the stream of commerce theory applied by the Federal Circuit in Beverly Hills. *See* Beverly Hills, 21 F.3d at 1565-66 (holding that uncontroverted allegations that a Chinese manufacturer sold allegedly infringing ceiling fans to customers in the forum state through an established distribution channel were sufficient to establish specific jurisdiction). Moore need not rely on this theory, however, given that Harney is alleged to have sold its products directly to a Texas company, rather than indirectly through a distribution channel to Texas customers. *See* Parti-Line Int'l, LLC v. Bill Ferrell Co., 2005 WL 578777, at *4, n.16 (E.D. La. Mar. 4, 2005).

in Delaware, the law is clear that Delaware may constitutionally exercise personal jurisdiction over it.") (citing Burger King, 105 S. Ct. at 2184 n.18); Osteotech, Inc. v. GenSci Regeneration Sciences, 6 F. Supp. 2d 349, 354 (D.N.J. 1998) ("The law is clear that, where a defendant infringer is shown to have sold the allegedly infringing product in the forum state, the forum may exercise personal jurisdiction over the defendant.") (citing Beverly Hills, 21 F.3d at 1570-71; N. Am. Philips Corp. v. Am. Vending Sales, Inc., 35 F.3d 1576, 1578-79 (Fed. Cir. 1994)).[3]

With respect to the second prong of the Federal Circuit's specific jurisdiction test, Moore contends that its patent infringement claims arise out Harney's forum-related contacts. *See*

---

[3] Although Copenhaver avers that, after investigating Harney's inventory and product sales records, he determined that "Harney has not sold any goods in Texas that infringe on the [relevant] patents," Copenhaver does not aver that Harney made no sales in Texas or, more specifically, that Harney made no sale to Pearlite Project Coordinator. *See* Document No. 6 ex. A. Regardless, at this stage the Court must factual conflicts such as this one are resolved in Moore's favor. Electronics For Imaging, 340 F.3d at 1349; Akro, 45 F.3d at 1543.

During the Rule 16 scheduling conference, Harney's counsel suggested that the sale may have been made to someone who from an unknown location phoned in to Harney, who paid for the purchase with a Canadian credit card, and who directed the delivery to be made to Houston, from which counsel suggested there may be trickery afoot to obtain personal jurisdiction over Plaintiff in Houston. None of this is verified and none of this theory was presented in Defendant's motion. Moreover, Defendant sought no discovery on this theory until counsel mentioned it in the Rule 16 conference. That is not a timely request, is not supported by any showing of good cause, and, as Defendant's counsel conceded, its motion to dismiss is ripe now for decision.

Parti-Line, 2005 WL 578777, at *5 ("Patent infringement occurs when someone 'without authority makes, uses, offers to sell or sells any patented invention.'") (quoting 35 U.S.C. § 271(a)).  The evidence is that Harney shipped a product that is allegedly infringing to a customer in Texas, and Moore bases his patent infringement claim on this shipment.  *See* Document No. 11 at 6-7.  Thus, the second prong has been satisfied.

Because Moore has established that Harney purposefully directed its activities at Texas, and because Moore's patent infringement claim arises out of those contacts, the Court turns to the final prong of its analysis, i.e., the reasonableness and fairness of exercising personal jurisdiction.  Harney bears the burden of presenting a "compelling case" that the presence of other considerations would render jurisdiction unreasonable.  Akro, 45 F.3d at 1549; *see also* Beverly Hills, 21 F.3d at 1568 (describing such a compelling case as "the rare situation in which the plaintiff's interest and the state's interest in adjudicating the dispute in the forum are so attenuated that they are clearly outweighed by the burden of subjecting the defendant to litigation within the forum").  Harney neither argues nor presents any evidence that this is such a case.  Texas has a significant interest in protecting the rights of its corporate citizens and discouraging injuries that occur within the state, and this interest extends to patent infringement actions such as this.  *See*

9

Beverly Hills, 21 F.3d at 1568-69. Any burden on Harney in having to litigate this case in Texas is not sufficiently compelling to outweigh Moore's and Texas's interests. Id. Therefore, the exercise of personal jurisdiction over Harney is proper.

B.   Venue

Alternatively, Harney asserts that the Court should transfer venue to the Middle District of Florida. However, "[t]he venue issue is subsumed in the personal jurisdiction issue. Venue lies ipso facto if . . . the district court has personal jurisdiction over [Harney]." N. Am. Philips, 35 F.3d at 1577 n.1. Because the Court has personal jurisdiction over Harney by virtue of the allegedly infringing Pearlite Project Coordinator shipment, venue is proper in this district. *See* 28 U.S.C. § 1400(b) (providing that venue for a patent infringement case is proper, among other places, where the defendant committed an act of infringement); N. Am. Philips Corp., 35 F.3d at 1578-79 ("[A]s a matter of uniform federal patent law . . . patent infringement occurs where the allegedly infringing sales are made.") (citing Beverly Hills, 21 F.3d at 1570-71); *accord* Commissariat A L'Energie Atomique v. Chi Mei Optoelectronics Corp., 395 F.3d 1315, 1318 (Fed. Cir. 2005).

Moreover, to the extent Harney requests a convenience transfer, Harney has not made a persuasive showing under 28 U.S.C. § 1404(a) that this action should be transferred to the Middle

District of Florida.  Indeed, Harney does not even address the factors that must be considered in determining whether the litigation would more conveniently proceed in Florida.  Thus, for example, Harney does not identify any witnesses whose convenience would be served by a transfer of this case to Florida, and Moore would appear to be no less inconvenienced by a transfer to Florida than Harney is by being required to answer this case in Texas.  Hence, the balance of convenience for parties and witnesses, and the interest of justice, have not been shown to require a transfer of the case to Florida.

## IV.  Order

For the reasons set forth, it is hereby

ORDERED that Defendant Harney Hardware, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, Motion for Transfer of Venue (Document No. 6) is DENIED.

The Clerk will enter this Order and send copies to all counsel of record.

SIGNED at Houston, Texas, on this 15th day of May, 2006.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE